BRYAN SCHRODER
United States Attorney

RYAN D. TANSEY
KYLE REARDON
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: Ryan.Tansey@usdoj.gov
Email: Kyle.Reardon@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>RICHARD OTHELL VAUGHAN,<br>a/k/a "RV," and DONALD GARNER,<br><br>              Defendants. | No. 3:19-cr-00120-SLG-DMS<br><br>COUNTS 1-10: BRIBERY<br>   Vio. of 18 U.S.C. § 201(b)(1)<br><br>COUNTS 11-20: BRIBERY<br>   Vio of 18 U.S.C. § 201(b)(2)<br><br>COUNTS 21-31: WIRE FRAUD<br>   Vio of 18 U.S.C. §§ 1343 and 1346 |

I N D I C T M E N T

The Grand Jury charges that:

## The Defendants

During the period covered by this Indictment:

1.      Defendant RICHARD OTHELL VAUGHAN, a/k/a "RV," ("VAUGHAN") was a United States citizen residing in Anchorage, Alaska. From at least as early as 2012, VAUGHAN was employed by the United States Department of Veterans Affairs ("VA") as a Contract Officer Representative ("COR") and was responsible for or involved with soliciting, awarding, and managing numerous contracts awarded by the VA, including certain Service-Disabled Veteran-Owned Small Business (SDVOSB) set-aside contracts. In his role as a COR for the VA, VAUGHAN was a public official within the meaning of 18 U.S.C. § 201.

2.      Defendant DONALD GARNER ("GARNER") was a United States citizen residing in Anchorage, Alaska. GARNER was the owner and manager of Veteran Ability, a corporation organized and existing under the laws of Alaska, with its principal place of business in Anchorage, Alaska. Veteran Ability was a government contractor that sought to provide various services to the United States government, including to the VA in Alaska. Veteran Ability submitted bids for and was awarded numerous VA contracts. Defendant GARNER was responsible for or involved with preparing and submitting Veteran Ability's SDVOSB application, any bids submitted by Veteran Ability for VA contracts, and performing the services required by those contracts. GARNER also owned and controlled other small businesses in Alaska, including Yukon Pipeline Support Services and Compliance Services Corporation.

3.      INDIVIDUAL A was a United States citizen residing in Anchorage, Alaska. INDIVIDUAL A was the owner and manager of COMPANY A and was

responsible for or involved with preparing and submitting COMPANY A's SDVOSB application certification, its bids for VA contracts, and was responsible for completing the services required by those contracts. COMPANY A was a corporation organized and existing under the laws of Alaska, with its principal place of business in Anchorage, Alaska. COMPANY A submitted bids for and was awarded VA contracts, including a 2014 snow removal contract.

Background

4. The VA is the federal government agency charged with serving America's veterans and their families in ensuring they receive medical care, benefits, social support and lasting memorials promoting the health, welfare and dignity of all veterans in recognition of their service to the United States.

5. The United States Small Business Administration ("SBA") is an independent agency of the federal government responsible for aiding, counseling, assisting and protecting the interests of small business concerns. SBA provided assistance to small businesses which were owned and controlled at least 51% by socially and economically disadvantaged individuals.

SDVOSB Program

6. The Veterans Entrepreneurship and Small Business Development Act of 1999 established an annual government-wide goal of awarding contracts to at least three percent of the total value of all federal prime and subcontract awards for small business concerns owned and controlled by Veteran and Service-Disabled Veterans ("SDVs").

The Veterans Benefits Act of 2003 added a contracting mechanism to enable agencies to reach this three percent goal.

## SDVOSB Program Eligibility Requirements

7. To be eligible for the SDVOSB program, the Service Disabled Veteran (SDV) must meet the following criteria:

   a. have a service-connected disability determined by VA or DoD;

   b. unconditionally own 51% of the SDVOSB, in which ownership is direct;

   c. receive 51% of profits and/or the annual distribution profits paid on the stock for the SDVOSB;

   d. control the day-to-day management, daily operations, and long term decision making of the SDVOSB; and

   e. hold the highest officer position in the SDVOSB, to include control of the board of directors, if applicable.

## Invoice and Payment Process

8. After being awarded a federal contract, the contractor submits invoices to the VA's Financial Service Center (FSC) in Austin, Texas.

9. When FSC receives a contractor invoice, the invoice is uploaded to the on-line vendor file, triggering notification to review and, if appropriate, approve the invoiced expenses.

10. Upon VA approval, the invoice is paid electronically from the United States Department of Treasury ("Treasury") by way of the Federal Reserve Bank ACH Processing Site in East Rutherford, New Jersey, into the contractor's designated bank account.

Contracts

11. On or around October 17, 2014, the VA issued Solicitation VA260-15-Q-0035 for SDVOSB qualified companies to bid on a contract to provide snow removal services at VA locations in Anchorage, Alaska. This was a "set-aside" contract for a certified SDVOSB contractor. Bids for this Solicitation were submitted to the VA on or about October 24, 2014, and contract VA260-15-P-0260 was awarded to COMPANY A in or around October 28, 2014. The contract was valued at approximately $740,554.00, and called for periods of performance from November 1, 2014 until October 31, 2016.

12. In or around February 2016, the VA issued Solicitation VA260-16-R-0119 for SDVOSB qualified companies to bid on a contract to provide housekeeping services at VA locations in Anchorage, Alaska. Bids for this Solicitation were submitted to the VA on or about March 28, 2016, and contract VA260-16-C-0031 was awarded to Veteran Ability on or about June 8, 2016. The contract was valued at approximately $5,116,201.00, and called for periods of performance from July 1, 2016, with options to extend until June 30, 2021. On April 14, 2017, the VA terminated contract VA260-16-C-0031 for cause after paying Veteran Ability approximately $776,272.00.

13. The Purchase Card Program at the Anchorage VA issued credit cards to VA facilities to make "micro purchases." There are three authorized levels of "micro purchases": $2,000 for construction purchases; $2,500 for service contract purchases; and $3,500 for supply and services not covered by the other service contract program purchases. VA employees who are officially designated to be a purchase card holder make authorized purchases for their facility. VAUGHAN was one of the designated purchase card holders for the Anchorage VA. VAUGHAN's spending limit was approximately $600,000 per fiscal year.

## COUNTS 1-10

14. Paragraphs 1 through 13 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

15. From on or about June 2, 2015 continuing up to or about January 30, 2017, within the District of Alaska and elsewhere, the defendant, DONALD GARNER, did directly and indirectly, corruptly give, offer, and promise a thing of value to a public official, with the intent to influence an official act and to influence the official to commit or allow a fraud on the United States, to wit: GARNER gave, offered and promised and caused to be given, offered and promised the below listed amounts of money on the below listed dates to Vaughan to induce and influence Vaughan to, among other things, certify payments on deficient invoices submitted by COMPANY A for work that was unnecessary or never performed;

certify payments to COMPANY A knowing that the payments were actually being used primarily for the benefit of GARNER; award purchase card orders for the benefit of GARNER, in violation of government regulations by using the same vendor, and issuing purchase card orders that exceeded the government regulated amounts; and to give favorable, preferential treatment to defendant GARNER in awarding certain VA contracts and purchase card orders, with each payment listed below constituting a separate and distinct count:

Bribe Payments

| COUNT | DATE | AMOUNT |
|---|---|---|
| 1 | June 2, 2015 | $500 |
| 2 | June 22, 2015 | $1,200 |
| 3 | August 4, 2015 | $7,000 |
| 4 | January 21, 2016 | $6,000 |
| 5 | February 12, 2016 | $1,700 |
| 6 | March 9, 2016 | $5,000 |
| 7 | October 21, 2016 | $2,000 |
| 8 | November 17, 2016 | $835 |
| 9 | December 30, 2016 | $2,500 |
| 10 | January 30, 2017 | $2,500 |
|  | **TOTAL** | **$29,235** |

All of which is in violation of 18 U.S.C. § 201(b)(1).

## COUNTS 11-20

16. Paragraphs 1 through 13 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

17. From on or about June 2, 2015 continuing up to or about January 30, 2017, within the district of Alaska and elsewhere, the defendant, RICHARD OTHELL VAUGHAN, a/k/a "RV," being a public official, did directly and indirectly, corruptly receive, accept and agree to receive and did accept things of value personally, in return for VAUGHAN being influenced and intending to be influenced in the performance of an official act and to commit or allow a fraud on the United States, to wit: VAUGHAN sought, received and accepted the below listed amounts of money on the below listed dates from Garner, and, in return, certified payments on deficient invoices submitted by COMPANY A for work that was unnecessary or never performed; certified payments to COMPANY A knowing that the payments were actually being used primarily for the benefit of Garner; awarded purchase card orders for the benefit of Garner, in violation of government regulations by using the same vendor, and issuing purchase card orders that exceeded the government regulated amounts; giving favorable, preferential treatment to Garner in awarding certain VA contracts and purchase

Page 8 of 13

Case 3:19-cr-00120-SLG-DMS   Document 2   Filed 10/17/19   Page 8 of 13

card orders, with each payment listed below constituting a separate and distinct count:

Bribe Payments

| COUNT | DATE | AMOUNT |
|---|---|---|
| 11 | June 2, 2015 | $500 |
| 12 | June 22, 2015 | $1,200 |
| 13 | August 4, 2015 | $7,000 |
| 14 | January 21, 2016 | $6,000 |
| 15 | February 12, 2016 | $1,700 |
| 16 | March 9, 2016 | $5,000 |
| 17 | October 21, 2016 | $2,000 |
| 18 | November 17, 2016 | $835 |
| 19 | December 30, 2016 | $2,500 |
| 20 | January 30, 2017 | $2,500 |
|  | **TOTAL** | **$29,235** |

All of which is in violation of 18 U.S.C. § 201(b)(2).

## COUNTS 21-31

18. Paragraphs 1 through 17 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

19. From in or about June 2015 and continuing up to in or about January 2017, within the District of Alaska and elsewhere, the defendants, RICHARD OTHELL

VAUGHAN, a/k/a "RV," and DONALD GARNER, did devise and intend to devise a scheme and artifice to defraud the United States, its citizens, and the VA by depriving them of the intangible right to VAUGHAN's honest services through bribery and kickbacks.

20. On or about the dates specified as to each count below, within the District of Alaska and elsewhere, for the purpose of executing and attempting to execute this scheme and artifice to defraud, the defendants and others did knowingly and willfully transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, to wit, wire transfers of funds as set forth below, with each wire transfer constituting a separate and distinct count:

| COUNT | APPROXIMATE DATE | WIRE | COMPANY |
|---|---|---|---|
| 21 | June 3, 2015 | Wire transmission of $3,000 related to VA Purchase Card order 463-P51622 routed from the VA US Bank charge account via Fargo, North Dakota to Alaska USA Federal Credit Union account ending in 0208 in Anchorage, Alaska | VETERAN ABILITY |
| 22 | January 8, 2016 | Wire transmission of $1,972 related to VA Purchase Card order 463-P60559 routed from the VA US Bank charge account via Fargo, North Dakota to Alaska USA Federal Credit Union account ending in 0208 in Anchorage, Alaska | VETERAN ABILITY |

| COUNT | APPROXIMATE DATE | WIRE | COMPANY |
|---|---|---|---|
| 23 | January 19, 2016 | Wire transmission of $38,990.93 related to VA invoice #22 (snow removal) from FSC in Kansas City, Missouri to Wells Fargo account ending in 1954 in Anchorage, Alaska | COMPANY A |
| 24 | January 21, 2016 | Wire transmission of $40,193.70 related to VA invoice #23 (snow removal) from FSC in Kansas City, Missouri to Wells Fargo account ending in 1954 in Anchorage, Alaska | COMPANY A |
| 25 | February 11, 2016 | Wire transmission of $2,700 related to VA Purchase Card order 463-P60778 routed from the VA US Bank charge account via Fargo, North Dakota to Alaska USA Federal Credit Union account ending in 0208 in Anchorage, Alaska | VETERAN ABILITY |
| 26 | March 11, 2016 | Wire transmission of $2,303.30 related to VA Purchase Card order 463-P60935 routed from the VA US Bank charge account via Fargo, North Dakota to Wells Fargo account ending in 1954 in Anchorage, Alaska | COMPANY A |
| 27 | March 11, 2016 | Wire transmission of $2,795 related to VA Purchase Card order 463-P60936 routed from the VA US Bank charge account via Fargo, North Dakota to Alaska USA Federal Credit Union account ending in 0208 in Anchorage, Alaska | VETERAN ABILITY |
| 28 | April 18, 2016 | Wire transmission of $35,448.70 related to VA invoice #28 (snow removal) from FSC in Kansas City, Missouri to Wells Fargo account ending in 1954 in Anchorage, Alaska | COMPANY A |

| COUNT | APPROXIMATE DATE | WIRE | COMPANY |
|---|---|---|---|
| 29 | August 3, 2016 | Wire transmission of $42,635.01 related to VA invoice #325 (housekeeping) from FSC in Kansas City, Missouri to Key Bank account ending in 7240 in Anchorage, Alaska | VETERAN ABILITY |
| 30 | August 23, 2016 | Wire transmission of $3,182.27 related to VA Purchase Card order 463-P61865 routed from the VA US Bank charge account via Fargo, North Dakota to Wells Fargo account ending in 1954 in Anchorage, Alaska | COMPANY A |
| 31 | January 18, 2017 | Wire transmission of $42,239.18 related to VA invoice #389 (housekeeping) from FSC in Kansas City, Missouri to First National Bank of Alaska account ending in 0564 in Anchorage, Alaska | VETERAN ABILITY |

//

//

//

//

//

//

//

//

//

//

21. The VA paid approximately the following amounts for the primary benefit of GARNER that were affected by the defendants' scheme and artifice to defraud:

 a. Snow Removal Contract VA260-15-P-0260: $725,226.56

 b. Housekeeping Contract VA260-16-C-0031: $776,272.00

 c. Purchase Card Payments: $194,330.40

All of which is in violation of 18 U.S.C. §§ 1343 and 1346.

A TRUE BILL.

s/ Grand Jury Foreperson<br>GRAND JURY FOREPERSON

s/ Ryan D. Tansey
RYAN D. TANSEY
Assistant U.S. Attorney
United States of America


s/ Frank Russo for
BRYAN SCHRODER
United States Attorney
United States of America


DATE: October 17, 2019