IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | 3:19-CR-00120-01-SLG-DMS |
|---|---|---|
| Plaintiff, | ) | ORDER FOR THE PROGRESSION OF A CRIMINAL CASE (Without a Trial Date) |
| vs. | ) | |
| RICHARD OTHELL VAUGHAN, | ) | Magistrate Judge Smith |
| Defendant(s). | ) | |

Upon arraignment of the defendant <u>RICHARD OTHELL VAUGHAN</u>, and the entry of a plea of not guilty on <u>October 23, 2019</u>:

IT IS ORDERED:

1. **Discovery Conference Date.**

No later than fourteen (14) days after arraignment, **<u>November 6, 2019</u>**, counsel shall meet and confer and accomplish the automatic discovery required by Rule 16, Fed. R. Cr. P. The parties are encouraged to resolve the questions in the attached Discovery Production Checklist at the time of the conference. A written receipt for discovery shall be prepared by the prosecutor and should identify the nature of the discovery provided. The parties shall adhere to the continuing duty to disclose such matters pursuant to Rule 16(c), Fed. R. Cr. P.

2. **Notification of Discovery Problems to Opposing Counsel.**

Three (3) business days after the discovery conference date, **<u>November 12, 2019</u>**, the receiving party for discovery (usually the defendant) shall notify the producing party (usually the prosecutor) of any problems accessing the data produced. The notice shall be in writing.

3. **Discovery Status.**

If the parties have been unable to resolve any disagreements about the timing of production or about the materials to be produced, the complaining party shall notify the Court in writing by **<u>November 20, 2019</u>**. The Court will consider only matters which the parties have previously discussed and been unable to resolve or matters raised sua sponte by the Court.

4. **Disclosure of Exculpatory and Impeachment Material.**

(a) The United States shall disclose *Brady v. Maryland*, 373 U.S. 83 (1963) material reasonably promptly after it is discovered. The law requires that *Brady* material be provided by the prosecutor early enough so that the defense can use it effectively at trial.

(b) The United States shall disclose impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150, 154 (1972). The law requires disclosure of impeachment evidence in sufficient time to permit the defendant to make effective use of the information at trial. *Giglio* material contained in a witness statement shall be disclosed in accord with Paragraph 10, Production of Reciprocal Jencks Act Material. Impeachment material which is not contained in a witness statement must be disclosed in sufficient time to permit the defendant to make effective use of it. In most cases, that will be well in advance of trial. The exception is when the material reveals the identity of confidential informants or witnesses who would be placed in danger by the disclosure. When an articulable safety concern exists, the Government shall notify opposing counsel and the Court that production of that limited portion of the *Giglio* material will be produced shortly before trial or shortly before the witness testifies.

5. **Pretrial Motions Date.**

Usually, pretrial motions shall be filed and served four (4) weeks after arraignment. Pretrial motions, if any, shall be filed on or before **November 20, 2019**. Defense motions for *Brady* material, *Giglio* material, bills of particulars, or other discovery will be considered only on the condition that counsel for the parties have first conferred and been unable to resolve the dispute. All such motions shall contain in the first paragraph a certification that counsel have conferred on the subject of the motion in an effort to reach agreement on contested matters but have failed to reach agreement.

6. **Response to Pretrial Motions.**

If a pretrial motion is filed by either side, opposing briefs shall be filed within seven (7) days thereafter. Pursuant to D.Ak.L.Cr.R. 47.1(c), no reply memoranda shall be filed with respect to any motion in this case unless specifically requested or permitted by the Magistrate Judge or District Judge.

7. **Evidentiary Hearing.**

Should an evidentiary hearing be required to resolve a pretrial motion, the matter will be taken under advisement by the Court upon the filing of the transcript of the hearing and the receipt of all required pleadings. The pretrial matters assigned to the United States Magistrate Judge shall be resolved no later than seven (7) days before trial. Any unresolved pretrial matters shall be called to the trial judge's attention by the litigant no later than seven (7) days prior to trial.

8. **Changes of Plea.**

Counsel are expected to calendar changes of plea and file a notice of intent to change plea at the earliest possible time prior to trial. All signed plea agreements must be filed no later than seven (7) days before the trial date.

9. **Trial and Final Pretrial Conference.**

The Article III Judge has not yet scheduled the Final Pretrial Conference or Trial by Jury for this case. The parties will be notified, by separate order from the chambers of the Article III Judge, of the Final Pretrial Conference and Trial by Jury dates and times.

10. **Production of Reciprocal Jencks Act Material.**

The parties are encouraged to provide reciprocal Jencks Act disclosures at least five (5) days before trial, or at an earlier time set by the Court. The exception is when the Jencks material reveals the identity and statements of confidential informants and witnesses who would be placed in danger by the disclosure. When an articulable safety concern exists, the Government shall notify opposing counsel and the Court that production of that witness statement will be delayed until shortly before trial or after the witness testifies.

11. **Trial Briefs, Voir Dire Questions, Jury Instructions.**

Briefs, proposed voir dire questions, and proposed jury instructions shall be served and filed with the court at least seven (7) days prior to the trial date. Briefs shall not exceed 15 pages. Briefs shall focus upon the legal issues and authorities bearing upon the issues which the party anticipates will arise during trial. Proposed jury instructions may, but are not required to, include common jury instructions employed by the court in all criminal cases. Counsel's proposed jury instructions must include substantive instructions appropriate to the charges made against each defendant and such other special instructions as counsel deem the circumstances of the particular case to require. Except as provided in this order, or otherwise ordered in the future, counsel shall

comply with the requirements of D. Ak. LR 39.2, 47.1, 51.1 and D.Ak.L.Cr.R. 1.1(b) in preparation for trial of this case.

12. **Motions to Continue and Speedy Trial Act.**

Any party requesting a continuance or delay for any reason (including but not limited to motions to continue trial, motions to continue the time for the filing or responding to pretrial motions, an evidentiary hearing, or a discovery status hearing), must state in the first paragraph of the motion the likely Speedy Trial Act implications. First, the party must state whether the resulting delay will be excludable under the Speedy Trial Act (STA) and, if so, which subsection of the STA authorizes the exclusion. Second, the party must also state the number of days remaining before trial must commence pursuant to the STA as of the date the motion is filed. For example:

"A period of excludable delay under 18 U.S.C. §3161(h) _____ will occur as a result of the filing of this motion. As of the date of this motion, _____ days remain before trial must begin pursuant to the Speedy Trial Act."

OR

"Excludable delay under 18 U.S.C. §3161(h) will not occur as a result of this motion. As of the date of this motion, _____ days remain before trial must begin pursuant to the Speedy Trial Act."

No motion for an extension of pretrial motion deadline or continuance of trial in a criminal case will be accepted for filing by the Clerk unless it contains a statement regarding the Speedy Trial Act implications. (A statement that a period of excludable delay may or may not occur as a result of the motion is insufficient.)

Should the opposing party disagree with any portion of the statement of Speedy Trial Act implications, including the number of days remaining before trial must commence to be timely, the responding party must state the disagreement clearly in the first paragraph of the opposition or response to the motion.

All motions to continue trial will be decided by the District Court Judge. Magistrate Judges considering motions to continue or extend time which do not require an extension of the trial date will rule on whether the additional time requested is excludable and, if so, pursuant to which subsection of the STA. The Magistrate Judge's reasoning will be preserved.

13. **Defendant's Presence.**

4

The defendant shall be present at all pretrial arguments or hearings unless excused by the court, and if permission is sought to be absent, the defendant shall deliver to the Court in advance an affidavit stating that the defendant knowingly, intelligently and voluntarily gives up the right to attend such argument or hearing.

14. **Criminal Justice Act Applications.**

Pursuant to the Criminal Justice Act (CJA), applications for authorization to hire third parties, applications to exceed the compensation set forth in the CJA and vouchers for payment shall be submitted in the appropriate format and supported by the information necessary for the court to make a decision pursuant to the CJA, particularly:

(a) The name, address and telephone number of the person sought to be hired (if applicable);

(b) A specific statement of the amount sought and the method for computing said amount;

(c) A specific statement setting forth the factual and legal basis which support the request.

If it is apparent that the case is complex or will require expenditure of funds in excess of the routine amount set forth in the CJA, counsel is encouraged to file to have the case declared complex or extended as early as possible in the litigation.

DATED this **23rd** day of **October 2019**.

BY THE COURT:

**s/ Deborah M. Smith**
United States Magistrate Judge

**Discovery Production Checklist**

☐ Is this a case where the volume or nature of discovery significantly increases the case's complexity?
☐ Does this case involve state search warrants and state police reports? If not already available, have they been formally requested by the U.S. Attorney's Office?
☐ Does this case involve classified information?
☐ Does this case involve trade secrets, or national security or homeland security information?
☐ Have the parties discussed the need for translations of discovery material?
☐ Have the parties discussed the need for transcripts and who is going to provide them?
☐ Do the parties have appropriate technical advisors to assist?
☐ Have the parties met and conferred about Electronically Stored Information (ESI) issues?
    ☐ Have the parties addressed the format of ESI being produced? Categories may include:
        ☐ Investigative reports and materials
        ☐ Witness statements
        ☐ Tangible objects
        ☐ Third party ESI digital devices (computers, phones, etc.)
        ☐ Photos, video and audio recordings
        ☐ Third party records
        ☐ Title Ill wire tap information
        ☐ Court records
        ☐ Tests and examinations
        ☐ Experts
        ☐ Immunity and plea agreements
        ☐ Discovery materials with special production considerations
        ☐ Related matters
        ☐ Discovery materials available for inspection but not produced digitally
        ☐ Other information
    ☐ Have the parties addressed ESI issues involving:
        ☐ Table of contents?
        ☐ Production of paper records as either paper or ESI?
        ☐ Proprietary or legacy data?
        ☐ Attorney-client, work product, or other privilege issues?
        ☐ Sensitive confidential, personal, grand jury, classified, tax return, trade secret, or similar information?
        ☐ Whether email transmission is inappropriate for any categories of ESI discovery?
        ☐ Incarcerated defendant's access to discovery materials?
        ☐ ESI discovery volume for receiving party's planning purposes?
        ☐ Parties' software or hardware limitations?
        ☐ Production of ESI from 3rd party digital devices?
        ☐ Forensic images of ESI digital devices?

- ☐ Metadata in 3rd party ESI?
- ☐ Redactions?
- ☐ Reasonable schedule for producing party?
- ☐ Reasonable schedule for receiving party to give notice of issues?
- ☐ Appropriate security measures during transmission of ESI discovery, e.g., encryption?
- ☐ Adequate security measures to protect sensitive ESI against unauthorized access or disclosure?
- ☐ Need for protective orders, clawback agreements, or similar orders or agreements?
- ☐ Collaboration on sharing costs or tasks?
- ☐ Need for receiving party's access to original ESI?

☐ Preserving a record of discovery produced?
☐ Have the parties memorialized their agreements and disagreements?
☐ Do the parties have a system for resolving disputes informally?
☐ Is there a need for a designated discovery coordinator for multiple defendants?
☐ Do the parties have a plan for managing/returning discovery at the conclusion of the case? r managing/returning discovery at the conclusion of the case?