Harold Green, Esq.
Green Law Offices, LLC
P. O. Box 111312
Anchorage, AK 99511-1312
Phone: 907-276-2733
Email: hwgreen@msn.com
Attorneys for Richard Vaughan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA, )
)
Plaintiffs, )
vs. )
)
RICHARD OTHELL VAUGHAN, )
)
Defendant. )
_______________________________)
Case No. 3:19-cr-00120-SLG-DMS-1

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW the defendant, Richard Othell Vaughan, by and through his undersigned counsel, and submits this memorandum to assist the court in fashioning its sentence in the above-captioned case. The sentencing hearing in the above-captioned case is presently scheduled for May 18, 2021 before the Honorable Sharon L. Gleason, United States District Court Judge for the District of Alaska.

Sentencing Summary: On April 7, 2021 the United States Probation Office filed their Sentencing Recommendation to the court (p. 1 to 5 of docket 79) together with their Final Presentence Investigation Report (p. 6 to 23 of docket 79). Also filed along with the Final Presentence Investigation Report is the Addendum to the Presentence Report (p. 24 to 26 of docket 79) setting forth the Objections to the Presentence Report[1].

[1] Defendant incorporates by reference all objections and corrections contained in the Objections to the Presentence Report (p. 24 to 26 of docket 79) as though fully set forth herein.

The defense concurs with most of the Sentencing Recommendation as set forth on p. 1 to 5 of docket 79, as approved by the Supervisory U.S. Probation Officer; and there are many reasons this Sentencing Recommendation of twelve months and one day followed by one-year supervised release is appropriate[2]. The defense asks this court to fashion its sentence in the interests of justice[3] under the circumstances set forth herein.

Plea Agreement: The parties Plea Agreement was filed on October 20, 2020 (see docket 51), and Richard Vaughan has plead guilty to one count of receiving a bribe in violation of 18 U.S.C. § 201(b)(2) while employed at the Veterans Administration. In the Plea Agreement, the parties agree the loss to the government attributable to the defendant from the criminal conduct at issue is more than $40,000 but less than $550,000, with the amount to be determined by this court as well as restitution. Last year, the United States agreed its recommendation would be at the bottom of the applicable guidelines, but the guidelines in economic loss cases often are substantially greater than necessary to achieve the sentencing goals outlined in 18 U.S.C. §3553(a). Perhaps the AUSA will now not oppose a sentence that departs or varies[4] from the USSG.

Sentencing Considerations: There are multiple grounds for departure or variance[5]. For example, age may be a reason to depart downward (or variance), if and to the extent permitted by §5H1.1 such as elderly and infirm "where a form of punishment such as

[2] For medical reasons, the defense requests this court recommend to BOP placement at FPC Pensacola.

[3] Defendant will also be introducing and filing character reference letters at sentencing from his family.

[4] Our Ninth Circuit has aptly stated when speaking of modern sentencing practices that a "departure" is typically a change from the final sentencing range computed by examining the provisions of the Guidelines themselves. It is frequently triggered by a prosecution request to reward cooperation … or by other factors that take the case "outside the heartland" contemplated by the Sentencing Commission when it drafted the Guidelines for a typical offense. A "variance" by contrast, occurs when a judge imposes a sentence above or below the otherwise properly calculated final sentencing range based on application of the other statutory factors in 18 U.S.C. §3553(a). United States v. Rangel, 697 F.3d 795, 801 (9th Cir 2012).

[5] One of the procedural differences is that with a departure the court or presentence report ordinarily must give reasonable notice, but that the Supreme Court has held no advance notice of a variance is required. Nevertheless, when a party has a legitimate basis for claiming surprise as prejudicial, the appropriate remedy is a continuance. Irizarry v. United States, 553 U.S. 708, 715 (2008).

home confinement might be equally efficient as and less costly than incarceration." E.g. see page 34, §5H1.1 Age (policy statement) Primer Departures and Variances, March 2020, Office of General Counsel, U.S. Sentencing Commission. As noted in the PSR, defendant is 74 years old, and is infirm with more than a dozen medical conditions that have been verified. (see PSR, page 18 of docket 79).

The defendant served in the United States Air Force from 1966 until 1991, including in the Vietnam War where he suffered agent orange poisoning which continues to be a chronic ailment. In the Vietnam War he was a member of the 307th Bomb Wing. The United States Supreme Court, in Porter v. McCollum, 558 U.S. 30,43 (2009) tells us "our Nation has a long tradition of according leniency to veterans in recognition of their service, especially those who fought on the front lines".[6] Also see United States v. Howe, 543 F.3d 128 (3rd Cir. 2008) downward variance based upon twenty years military service.

CARES Act – 2 Level Reduction:

On September 28, 2020 the defendant filed his Notice of Intent to Change Plea which stated as follows: "Defendant is filing this notice of intent to change plea on or before October 2, 2020, and agrees to be sentenced prior to December 31, 2020, and to be sentenced by video or teleconferencing pursuant to Section 15002(b) of the Cares Act, H.R. 748, and that benefit ought to be made available to defendant."[7]

The Assistant United States Attorney had earlier in September, 2020 stated he could not be offering this 2 level reduction because defendant was charged with an abuse of trust type of crime. However, there is no rational basis and is arbitrary for this position

---

[6] Also see policy statement §5H1.11, §5H1.6, §5H1.5, §5K2.0
[7] Compare §5K3.1

taken by government earlier in September, 2020; and after a discussion defense counsel then submitted to the Assistant U. S. Attorney Ryan Tansey the September 15, 2020 memorandum (see attached Exhibit A) with authorities cited. Thereafter, AUSA Tansey stated he may choose at sentencing not to oppose this 2 level reduction, or leave it to the court to make the decision on this CARES Act 2 level reduction.

Advisory Guidelines: This court is well aware of the United States Supreme Court cases of Booker, Kimbrough, Rita, Gall, etc. that are typically cited in a defendant's sentencing brief. These U.S. Supreme court cases hold the USSG guidelines advisory -- nevertheless the guideline calculations are to be considered by the court. The USSG offense level computations contained in the Presentence Investigation Report (see page 15 docket 79) are in dispute by defendant as set forth in defense Objection 5 (see page 25 of docket 79). Moreover, the economic loss calculation is in dispute[8]. The defense makes an offer of proof that the scope of parking lot and sidewalks at the Muldoon VA facility was the same in Winters 2011/12, 2012/13, 2013/14 (prior to the ADALECO snow removal contracts of Winters 2014/15 and 2015/16) as well as afterward in the Winters of 2016/17 and 2017/2018. ADALECO was paid $369,807 by the VA for snow removal the Winter 2014/15, and ADALECO was paid $364,879 for snow removal the Winter 2015/16.[9]

The defense made independent FOIA requests in December, 2020 and all the FOIA information and documents were previously served upon both the AUSA and the

---

[8] See defendant's Objections 3, 4, 5, 6 (pages 25-25 of docket 79)

[9] Compare paragraph 21 of the Indictment where the Grand Jury found ADALECO was paid for these two Winters 2014/15/ and 2015/16 snow removal totaled together a total of $725,227 for two full Winter years to ADALECO, whereas defense calculations from FOIA materials tends to show that ADALECO was paid for these two Winters 2014/15 and 2015/16 together totaled 369,807 + 364,879 = $734,686 for these two full Winter years. In any event, these facts show ADALECO actually charged much less than the subsequent snow removal contractor CMEC Inc. who was paid by the Veterans Administration $767,627 for a single Winter 2016/17, and ADALECO charged less than the prior snow removal contractor named Yukon Pipeline Service, Inc. charged in each of the previous years for snow removal at the very same parking lots and sidewalks of the VA Anchorage facility located at 1201 N. Muldoon Road.

Probation Officer a full month prior to the Presentence Investigation Report. These FOIA documents and information show that prior to ADALECO contracting for the two Winters of 2014/15 and 2015/16, the previous contractor Yukon Pipeline Services charged more than $400,000 per year for snow removal[10]; and after the ADALECO contract terminated, the next contractor CMEC Inc. charged and was paid for snow removal for just solely one Winter of 2016/17 the sum of $767,627 for the very same VA Anchorage facility at 1201 N. Muldoon Road. The defense submits[11] that the government has not suffered any substantial economic loss given this information and FOIA documentation. Nevertheless, the parties Plea Agreement recites that the loss is a minimum of $40,000 and that is relatively consistent with the total bribe payment of $29,235 received by defendant. With the economic loss between $40,000 and $95,000, that results in only a 6 level instead of 12 level as calculated in paragraph 35 (see page 15 of docket 79). All this, however, becomes rather moot except for restitution should this court decide to follow the probation officer's official Sentencing Recommendation (see pages 1 to 5 of docket 79).

Sentencing Factors: Pursuant to 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

[10] For example, for the Winter 2011/12 the payment by the VA for snow removal was $409,090; or for the Winter 2013/14 snow removal $410,670.
[11] The prosecution has the burden of proof, not the defense.

(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for –
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-(i) issued by the Sentencing Commission [...] (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced [...]
(5) and pertinent policy statement –
(A) issued by the sentencing commission [...]
(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to satisfy the purposes outlined in subsection (2). Id.

Defendant generally concurs with the Analysis of 18 U.S.C. §3553(a) factors set forth in (pages 1, 2, and 3 of docket 79) of the Sentencing Recommendation, and expand thereon as set forth herein on page 3 above in this Defendant's Sentencing Memorandum. Additional case law tells us that after considering the guidelines range, the substantive reasonableness of the sentence imposed is to be under the totality of the circumstances. E.g. United States v. Treadwell, 593 F.3d 990, 1015 (9th Cir. 2010). Our Ninth Circuit also tells us that in the discretionary approach in today's federal sentencing trend is exemplified that there is no longer a presumption of reasonableness for sentences imposed even within the guideline range. United States v. Carty, 520 F.3d 984, 988 (9th Cir. 2008). Ultimately, the touchstone of reasonableness is whether the sentencing record as a whole reflects rational and meaningful consideration. In the present case before this court, the Presentence Investigation Report and Sentencing Recommendation filed on April 7, 2021 (docket 79) provides the court with adequate reasons to fashion its sentence of defendant as recommended therein.

Another reason, when speaking of codefendant Donald Garner and the related case against ADALECO owner Dale Johnson, a further factor to consider is to avoid unwarranted disparity among codefendants. Although codefendant disparity is not a "per se" improper factor, it is a factor for this court to consider under the circumstances of this case. Donald Garner's company received the vastly huge amount of all the money paid out by the Veterans Administration, and he often times did not even pay his employees or sub-contractors with the large amounts of monies he received from the VA contracts. Moreover, Dale Johnson received approximately $54,302 from his ADALECO scheme (see Indictment, Plea Agreement and Defendant's Sentencing Memorandum, case 3:19-cr-00155 RRB-MMS, dockets 1, 2, 37) yet it appears that Mr. Johnson will be getting probation only as can be seen in his Defendant's Sentencing Memorandum dated October 13, 2020. The sentencing hearing in that related case is presently scheduled for May 12, 2021 which is after the date of this case memorandum. Although Johnson plead guilty to a different crime, conspiracy, if the guidelines calculations were to be strictly applied against Vaughan, this would appear to be an extreme disparity that is not favored in the law nor is it necessary to satisfy the statutory purposes of sentencing.

Restitution: Pursuant to 18 U.S.C. §3663A the federal government may be awarded restitution for direct and actual loss suffered as a proximate result of an offence. The parties Plea Agreement, pages 12 and 13, states that "E. Restitution The defendant agrees to pay at least $40,000 but less than $550,000 in restitution to the Anchorage VA" and "The court will have sole discretion ultimately to determine if the defendant has liability for any restitution." Also, this court has the discretion to apportion restitution as

18 U.S.C. §3664(h) states: "If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant."

The defense submits that restitution, if any, for Mr. Vaughan ought to be set at the amount of $40,000 stated in the Plea Agreement, or less, and apportionment under 18 U.S.C. §3664(h) is appropriate (that is if this court were to find the government had direct and actual loss suffered as a proximate result of defendant). Keep in mind that, as stated in the PSR, it was his codefendants who stood to receive the most financial benefit, not Mr. Vaughan who received $29,235[12]. This seems to be an appropriate amount of restitution under the circumstances, should this court impose restitution against him.

CONCLUSION

Under today's modern federal sentencing, after considering the guideline range, the Sentencing Recommendation, and under the totality of the circumstances, this court ought to find the guideline range does not address all of the $3553(a) factors adequately.

This court is not subject to guideline analysis nor subject to departure precedents. This court has "discretion to craft an appropriate sentence falling anywhere within the range of punishments authorized by Congress." United States v. Ashburn, 502 F.3d 313, 327 (3rd Cir. 2007). Although "no judge is required to sentence at variance with a Guideline, but every judge is at liberty to do so." United States v. Corner, 598 3d 411, 416 (7th Cir. 2010). There is a sound basis and sufficient reasons to state on the record to impose sentence consistent with, or even more lenient than, that as set forth in the Sentencing Recommendation filed on April 7, 2021 in this case.

[12] the amount received by Richard Vaughan was 1.7% of the total amounts received by his codefendants.

Under the totality of the circumstances[13], and for the reasons set for in the Presentence Investigation Report and Sentence Recommendation, as well as in this Defendant's Sentencing Memorandum, this court ought to consider the guideline factors, as well as the other circumstances, and fashion a sentence for defendant that is consistent with, or more lenient than the Sentencing Recommendation filed on April 7, 2021 (p. 1 to 5 of docket 79) and approved by the Supervisory U. S. Probation Officer.

DATED on this 11th day of May, 2021.

Green Law Offices, LLC
Attorneys for defendant Richard Vaughan.
By:/s/Harold Green, ABA#8206027
P. O. Box 111312, Anchorage, AK 99511-1312
email: hwgreen@msn.com
(907) 276-2733

CERTIFICATE OF SERVICE:
On 5/11/21 a copy of this document was served by electronic filing upon AUSA Ryan Tansey 222 W. 7th Ave,#9, Rm. 253, Anchorage, AK 99513 and the Probation Officer. /s/Harold Green

[13] At sentencing, defendant will also be presenting character reference letters from members of his family.

September 15, 2020

RE: United States v. Richard Vaughan
Case No. 3-19-cr-00120-SLG-DMS

Ryan Tansey, Assistant U.S. Attorney –

Thank you for your 9/8/20 email last week and copy of the District of Alaska's letter dated August 10, 2020 – Variance for Pleas and Sentencing Pursuant to the CARES Act that states: "This incentive will expire on October 2, 2020". The last sentence of first paragraph page 2 states "This incentive will not apply to cases involving the exploitation of children or those charged with an abuse of trust." Your email to me dated September 8, 2020 also states your opinion that: "your client Richard Vaughan does not qualify for this discount because the charges against him involve an abuse of trust".

Before there can be an "abuse of trust", the person must have a recognized position of trust. I have reviewed the 9th Circuit case law, and could not locate any case law showing a COR (contracting officer representative) having "abuse of trust". However, I did find law review articles (see e.g. 63 Fla. L. Rev. 457 by Griffin) and case law indicating that the various circuit courts have wrestled with how to define "abuse of trust" for the past twenty years. The leading 9th Circuit case on approach to defining what is "abuse of trust" is United States v. Contreras, 581 F.3d 1163, 1167 (9th Cir. 2009), vacated in part by 593 F.3d 1135 (9th Cir. 2010) (en banc) (per curiam) (agreeing with the original three-judge panel that ruled United States v. Hill and its progeny should be overruled).

Our Federal 9th Circuit Court of Appeals utilizes the "professional discretion test" rather than the "hybrid test" that is and has been applied by other Federal Circuit Courts. Sentencing guideline 3B1.3 Commentary Application Note 1 discusses definition of abuse of trust and tells us an account representative teller at a bank who embezzles is not an "abuse of trust" as set forth by the various factors. This is where our 9th Circuit case law describes the problem of defining "abuse of trust" and holds the "professional discretion approach" is to be utilized in the 9th Circuit in defining "abuse of trust". Since there is no case law located about "abuse of trust" as a COR (contract officer representative), and since the bank account representative is not a high discretionary position, just as a contract officer representative is not a high discretionary position, this is problematic.

Consequently, I respectfully request that you reconsider this matter, and request that my client be provided due process and equal treatment under the Constitution and CARES Act variance for pleas and sentencing. Moreover, granting Mr. Vaughan eligibility for this variance for pleas and sentencing is not inconsistent with policy statement 5K3.1 or other applicable sections of law. If you have other applicable 9th Circuit case law to consider, or to discuss further, please let me know at your earliest convenience because this matter is time sensitive.

Respectfully,
/s/Harold Green, Attorney
for Richard Vaughan

**EXHIBIT "A"**