E. BRYAN WILSON
Acting United States Attorney

RYAN TANSEY
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: Ryan.Tansey@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 3:19-cr-00120-SLG-DMS |
| RICHARD OTHELL VAUGHAN, | ) | |
| Defendant. | ) | |

## GOVERNMENT SENTENCING MEMORANDUM

### SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF IMPRISONMENT** .......................................................................... 30-months

**SUPERVISED RELEASE** ........................................................................................ 3 years

**SPECIAL ASSESSMENT** ...................................................................................... $100.00

**RESTITUTION** ................................................................................................... $347,000

As more fully described below, the United States respectfully asks the Court to impose a sentence of 30-months' imprisonment, followed by a three-year term of supervised release and $347,000 in restitution, to be owed jointly and severally with defendant's co-conspirators. This sentence is sufficient, but not greater than necessary to deter others and punish the defendant for abusing his position of trust with the federal government by accepting bribes and helping to defraud a government program out of hundreds of thousands of dollars.

## I. INTRODUCTION

### a. Facts and Procedural History

The facts of this case are set forth at length in the parties' plea agreement and the PSR. *See* Dkt. 51 at 4-10. In short, between 2015 and 2017, the defendant, who was a Contracting Officer Representative for the Anchorage VA, accepted over $29,000 in bribe payments from defendant Donald Garner and Yalonda Moore, the owner and bookkeeper (respectively) of a government contractor, Veteran Ability LLC. In exchange, defendant Vaughan gave preferential treatment by selecting Veteran Ability to complete dozens of "purchase card" jobs at the Anchorage VA, each worth between $1,500 and $3,500. In addition, defendant Vaughan approved numerous invoices submitted by his co-conspirators for work that was either unnecessary or never performed related to a $700,000 contract to remove snow at the Anchorage VA. The government's estimated losses from this conduct total approximately $347,000.[1] *See* PSR ¶¶ 16-17.

---

[1] The government will have a witness available to testify about the government's loss calculations should the Court request testimony on this topic.

Page 2 of 8  Govt. Sent. Memo
United States v. Vaughan
3:19-cr-00120-SLG-DMS

Case 3:19-cr-00120-SLG-MMS   Document 100   Filed 05/11/21   Page 2 of 8

In addition to the examples contained in the Plea Agreement, the below are additional examples of defendant Vaughan's and his co-conspirators' active participation in this bribery scheme:

- On June 2, 2015, defendant Vaughan sent a text message to Yalonda Moore (Moore) asking "[w]hat is amount of invoice," and instructed her that "[f]rom the [$]3000-[$]500 to me."

- On June 3, 2015, Vaughan awarded two contracts for purchase orders to Veteran Ability LLC, including Order 463-P51622 for $3,000.00.

- On June 13, 2015, Moore texted defendant Vaughan that she was "[g]oing to bank this morning. How are you splitting?" Defendant Vaughan replied, "I need 25."

- On June 22, 2015, defendant Vaughan texted Moore, "1200 me u keep the rest 2865."

- On December 30, 2015, defendant Garner texted Moore regarding the VA snow removal contract and wrote: "let's make sure that every time Harold says that he is going to plow that we bill weather he plows or not. Most of the time he puts the alert out it really doesn't happen but *we need to be able to secure the over 300,000 that We have left sitting there*." (emphasis added).

- On February 10, 2016, defendant Vaughan texted Moore: "1700 veteran 2700 comp =3 ok."

- On February 11, 2016, defendant Vaughan awarded purchase order 463- P60778 to defendant Garner and Veteran Ability LLC worth $2,700.00.

- On February 12, 2016, Moore and defendant Vaughan met at a dog pound on Elmore.

- On October 21, 2016, defendant Garner texted Moore "Call (RV) [RICHARD Vaughan] and give him $2,000 cash. Meet him somewhere or have him come to yr crib. Please do NOT meet him up there."

- On October 21, 2016, Moore texted defendant Vaughan and arranged to meet him in a Sears parking lot on Northern Lights Boulevard at 2:00pm.

- On October 22, 2016, defendant Garner texted Moore to listen to her voicemail. Moore replied "Now I gave him 2000 yesterday. So give him another 2000?"

Page 3 of 8  Govt. Sent. Memo
United States v. Vaughan
3:19-cr-00120-SLG-DMS

Case 3:19-cr-00120-SLG-MMS   Document 100   Filed 05/11/21   Page 3 of 8

- On October 22, 2016, defendant Garner texted Moore and instructed her to break up $15,000 into categories.  Garner also instructed Moore, "Make sure u coordinate theses [sic] activities with Rich [Vaughan] before he leaves so that we can all be on the same page."  Moore later texted defendant Garner, "*He [Vaughan] just called me to say we can still bill even though we couldn't do the work*." (emphasis added).

- On or about January 30, 2017, at 12:33pm, Garner texted Moore "R.V. 2500 cash." The same day, Moore texted Vaughan at 1:37pm and arranged to meet him in the parking lot of Sears to pay him $2,500.

## II. SENTENCING CALCULATION

### a. Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant for Acceptance of a Bribe by a Public Official, in violation of 18 U.S.C. § 201(b)(2), is fifteen-years' imprisonment, a $250,000 fine or three times the monetary equivalent of the thing of value, whichever is greater, three-years' supervised release, and a $100 mandatory special assessment.

### b. Sentencing Guidelines Calculation

The United States agrees with the Probation Officer's calculations finding the total offense level to be 27, and the defendant's criminal category history to be I.  PSR ¶¶ 33-42, 48.  The resulting Sentencing Guidelines range is 70-87 months. *Id.* at ¶ 1. The United States understands the defendant intends to argue for the additional two-level "COVID variance" based on his undisputed compliance with the timing requirements to obtain that

Page 4 of 8      Govt. Sent. Memo
United States v. Vaughan
3:19-cr-00120-SLG-DMS

Case 3:19-cr-00120-SLG-MMS   Document 100   Filed 05/11/21   Page 4 of 8

variance.[2] However, because the defendant's offense involved an "abuse of trust,"[3] the government opposes application of the COVID variance here. Should the Court disagree with the government's position, defendant's total offense level after application of the two-point COVID variance would be 25, which results in a Guidelines range of 57-71 months.

### c. The Probation Officer's Recommended Sentence

The Probation Officer recommends a sentence of 12-months and 1-day imprisonment, to be followed by a three-year term of supervised released. The Probation Officer also recommends imposition of a restitution judgment of $347,000.

## III. GOVERNMENT'S RECOMMENDATION

The United States recommends a term of 30-months' imprisonment, followed by a three-year term of supervised release and $347,000 in restitution.

*The Nature, Circumstances, and Seriousness of the Offense*: Defendant's crime involved a serious breach of the public trust and contributed to approximately $347,000 in losses to the federal government. He received multiple bribes over an extended period, and his position allowed him to operate with little oversight. Further, as reflected by the excerpted text messages above, the defendant's role in this scheme was not passive or minor. He actively participated in the scheme, including making explicit requests for bribe payments followed shortly thereafter by approvals of invoices or awards of purchase card

---

[2] *See* August 10, 2020, Letter from U.S. Attorney Bryan Schroder re Variance for Pleas and Sentencings Pursuant to the CARES Act ("COVID Variance Letter") at 2 (explaining eligible defendants will be "required to file a notice of intent to change plea by October 2, 2020, agree to be sentenced on or before December 31, 2020, and consent to both plea and sentencing by video conference, or telephone conference if video is not available, consistent with § 15002(b) of the CARES Act.").

[3] *See* COVID Variance Letter at 2 (explaining that "[t]his incentive will not apply to cases involving the exploitation of children or those charged with an abuse of trust.").

Page 5 of 8          Govt. Sent. Memo
United States v. Vaughan
3:19-cr-00120-SLG-DMS

Case 3:19-cr-00120-SLG-MMS   Document 100   Filed 05/11/21   Page 5 of 8

orders to Veteran Ability. Indeed, by definition, this bribery scheme could not have occurred were it not for the defendant's knowing participation. This is why the defendant faces a significant Sentencing Guidelines range, and it justifies a significant term of imprisonment.

*The History and Characteristics of the Defendant*: As the PSR accurately reflects, the defendant is 74-years old with no criminal history. He is also a cancer survivor and has multiple other chronic health issues. All of this justifies a downward departure to 30-months' imprisonment.

*The Need for Adequate Deterrence and Protection of the Public*: The need to appropriately reflect the seriousness of the defendant's offense, afford appropriate deterrence, protect the public, and afford the defendant appropriate rehabilitation similarly dictates a sentence of 30-months' imprisonment. Federal law enforcement has a difficult job protecting the integrity of federal procurement programs from bribery and corruption, and the nature of defendant's criminal acts makes this type of offense particularly difficult to detect. This dynamic makes general deterrence vitally important to maintaining the integrity of these programs. The proposed sentence here will serve the important goal of warning others of the serious consequences that may be incurred by those who seek to take advantage of their positions of trust in the government by soliciting and accepting bribes.

*The Kind of Sentences Available and the Sentencing Range Established by the Sentencing Commission*: The United States' requested sentence is an appropriate sentence and is well below the bottom of the applicable Sentencing Guidelines range established by

Page 6 of 8

Govt. Sent. Memo
United States v. Vaughan
3:19-cr-00120-SLG-DMS

Case 3:19-cr-00120-SLG-MMS   Document 100   Filed 05/11/21   Page 6 of 8

the Sentencing Commission. The defendant's advanced age, health issues, and timely guilty plea partially justify this downward departure.

*Sentencing Disparity*: The defendant's sentence should reflect that he is less culpable than his co-defendant, Donald Garner, chiefly because defendant Vaughan did not receive the same level of financial gain. However, Vaughan did abuse a position of public trust and should undoubtedly face a significant prison term.

*Restitution*: The Court should order the defendant to pay $347,000 in restitution to the Anchorage VA. This amount represents the total losses to the federal government aided by the defendant's misconduct.

//

//

//

//

//

//

//

//

//

//

//

//

Page 7 of 8

Govt. Sent. Memo
United States v. Vaughan
3:19-cr-00120-SLG-DMS

Case 3:19-cr-00120-SLG-MMS   Document 100   Filed 05/11/21   Page 7 of 8

## IV. CONCLUSION

For the reasons stated herein, the United States respectfully asks the Court to sentence the defendant to a term of 30-months' imprisonment, followed by a three-year term of supervised release. The United States also asks the Court to impose $347,000 in restitution. This sentence recognizes the seriousness of the defendant's crime, his history and characteristics, and the important need to deter others from engaging in similar activity.

RESPECTFULLY SUBMITTED this 11th day of May 2021, in Fairbanks, Alaska.

E. BRYAN WILSON
Acting United States Attorney


s/ *Ryan Tansey*
RYAN TANSEY
Assistant U.S. Attorney
United States of America


**CERTIFICATE OF SERVICE**
I hereby certify that a copy
of the foregoing was served
on all counsel of record
via the Court's CM/ECF system:

Counsel of Record

s/ Ryan Tansey
Office of the U.S. Attorney

Page 8 of 8

Govt. Sent. Memo
United States v. Vaughan
3:19-cr-00120-SLG-DMS

Case 3:19-cr-00120-SLG-MMS   Document 100   Filed 05/11/21   Page 8 of 8